In the United States District Court
for the Western District of Texas
Austin Division


Antonia Muñiz Gonzalez,
and other sovereignss of the
State of Texas and resident
foreigners similarly situated,
                    Plaintiffs,

            vs.

THE STATE OF TEXAS: Rick Perry,
Governor; John Steen, Secretary of State;
and all other officials acting under
            color of state law,
                    Deefendants.

---

Title 42 United States Code §1983

---

PLAN C


Antonia Muñiz Gonzalez
TX/DL #09228068
8826 Mt. Delano
El Paso, Texas 79904
(915) 755-4528

**FILED**

SEP 1 5 2014

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

In the United States District Court
for the Western District of Texas
Austin Division

| | |
|---|---|
| Antonia Muñiz Gonzalez, §<br>and other sovereigns of the §<br>State of Texas and resident §<br>foreigners similarly situated, §<br>　　　　　　Plaintiffs, §<br>§<br>v. §<br>§<br>THE STATE OF TEXAS; Rick §<br>Perry, Governor; John Steen, §<br>Secretary of State; and all §<br>other officials acting under §<br>color of state law, §<br>　　　　　Defendants. § | **A14CV0866 SS**<br><br>Civil Action No. _____ |

**Title 42 U.S.C. §1983 Complaint**

To the Honorable Judge of Said Court:

　　Comes now Antonia Muñiz Gonzalez, TX/DL #09228068, and other
sovereigns of the State of Texas and resident foreigners similarly
situated, pro se, pursuant to Title 42 U.S.C. §1983, presenting
their Complaint alleging violations of their Fourteenth Amendment
rights, specifically, but not limited to the Due Process Clause
and the Equal Protection of the Laws Clause of Section 1 of the
14th Amendment to the U. S. Constitution and violations of their
Fourth, Fifth, Sixth, Eighth, and Ninth Amendment rights, as these
Defendants, THE STATE OF TEXAS; Rick Perry, Governor; John Steen,
Secretary of State; and all other officials acting under color of
state law, hereinafter, "Defendants," while acting under color of
state law, did then violate the constitutional rights of all sov-
ereigns of the State of Texas and resident foreigners similarly

situated by intentionally and knowingly applying invalid laws from Vernon's Annotated Texas Statutes and Codes as published by West Group Publishing Co. without authenticating said publication of the laws; nor ensuring the "enactment clause" was contained within the volumes of said publications; nor ensuring that the official seal of the State of Texas was affixed to the volumes of the said publications all in violation of the constitutional mandates of Article 3, §29; §36; §43, and Article 4, §21 of the Texas Constitution.  Such violations of state constitutional mandates resulted in violation of Article 17, §1, and Article 2, §1, of the Texas Constitution in turn violating the constitutional rights of the Plaintiffs under the 4th; 5th; 6th; 8th; 9th; and 14th Amendments to the U. S. Constitution, and in support of said Complaint would respectfully show the Honorable Court the following:

**Previous Lawsuits**

The Plaintiffs come before this Honorable Court presenting this suit alleging violation of federal constitutional rights while Defendants acted under color of state law in applying invalid laws from aforementioned Vernon's Annotated Texas Statutes and Codes clearly devoid of the constitutionally mandated aforementioned items, thus, violating the Plaintiffs' rights under the Due Process Clause and Equal Protection of the Laws Clause of the United States Constitution.  Plaintiff Antonia Muñiz Gonzalez, has filed previous suits in federal court but has not been sanctioned nor presented any suit deemed frivolous or harassing to any party or parties.  Plaintiff presents the filing fee of $400.00 along with the Complaint asking this Honorable Court to proceed with filing of the same in accordance with the provisions of Title 42 U.S.C. §1983.

**Plaintiffs' Domicile**

Proposed representative Antonia Muñiz Gonzalez, resides at: 8826 Mt. Delano, El Paso, Texas 79904 and all other Plaintiffs reside in all parts of the State of Texas.  The other sovereigns and resident foreigners comprise the entire population of the State of Texas wherever these men, women, and children may be found within the borders of this state.  Proposed representative Antonia Muñiz Gonzalez alleges injured parties exist no longer living in Texas,

but who resided in this state when the Defendants were carrying out their ultra vires actions in violating the constitutional mandates aforementioned and violating these people's constitutional rights as well.  The Honorable Court should consider how to afford compensation for those people's injury.

**Parties to the Suit**

> Plaintiff:    Antonia Muñiz Gonzalez
> TD/DL #09228068
> 8826 Mt. Delano
> El Paso, Texas 79904
> (915) 755-4528
>
> Plaintiffs:   Other sovereigns and resident foreigners
> similarly situated.
>
> All other sovereigns and resident foreigners
> similarly situated are found throughout the
> State of Texas.
>
> Defendants:   STATE OF TEXAS; Rick Perry, Governor; John
> Steen, Secretary of State, and all other
> officials acting under color of state law.
> P. O. Box 12548 - Capitol Station
> Austin, Texas 78711-2548

**Ex parte Young Doctrine**

The Defendants are generally shielded from suit and liability under the Eleventh Amendment to the United States Constitution by invocation of sovereign immunity while acting in their official capacities.  Plaintiffs allege that the Defendants engaged in ultra vires actions and such conduct is not shielded by sovereign immunity nor governmental immunity.  Plaintiffs allege that the Defendants intentionally and knowingly violated the U. S. Constitution and/or federal law and therefore are not entitled to Eleventh Amendment immunity.  Plaintiffs are not seeking monetary damages predominately and only seek incidental damages which the Court may deem just and right to be awarded due to the injuries proximately caused by the ultra vires actions of the Defendants.

Plaintiffs seek declaratory and/or injunctive relief which is prospective in nature. **Ex parte Young**, 209 U.S. 123 S.Ct. 441, 52 L.Ed.2d 714 (1908). The Supreme Court carved out an exception to Eleventh Amendment immunity. The Court held that enforcement of an unconstitutional law is not an official act because a state cannot confer authority on its officers to violate the Constitution or federal law. See **American Bank and Trust Co. of Opelouses v. Dent**, 982 F.2d 917, 920-21 (5th Cir. 1983). Defendants are not entitled to sovereign immunity nor governmental immunity in this cause of action.

The Defendants violated the constitutional rights of the Plaintiffs when they carried out their business in the State of Texas with the invalid laws of Vernon's Annotated Texas Statutes and Codes having intentionally and knowing violated Article 3, Sections 29; 36; and 43, and Article 4, Section 21; Article 17, Section 1, and Article 2, Section 1 of the Texas Constitution in allowing for the publication of the laws without authentication by the Secretary of State, without the seal of the State of Texas affixed to the volumes of these publications; and without the enactment clause placed within the contents of the volumes of these publications. Such acts by state officials (the Defendants) are contrary to federal law and cannot have been authorized or ratified by the State. **Hirtz v. State of Texas**, 974 F.2d 663.

The Defendants are responsible for ensuring that the mandates of the Texas Constitution, being the will of the sovereigns of the State of Texas, are carried out in the course of enacting and publishing the laws of Texas. These Defendants are guilty of violating the Plaintiffs rights under the Due Process Clause and the Equal Protection Clause of the United States Constitution.

Introduction

I begin to strike this paper in an attempt to paint a picture in your mind which may open your eyes to the mendacity of those bestowed powers to govern over the sovereigns of the Republic of Texas, which I expose to you as snake oil salesmen for their cunningness with words or as soothesayers for their subtleness with which they soothe your ears and gain your attention, all with a purpose of their clandestine design to formulate the unseen paradigm before

us:  That which has stripped us blind of our rights as sovereigns and all that God has blessed us with.

I begin by thanking God for His proving that He has allowed to me and those that He has chosen to use as His proposed representatives.  Sent to this desert to endure the extremities of the heat and cold, this indeed has been a blessing, for all things have similatudes of a carnal and spiritual state and can be used to strengthen the body, mind, and soul.  The trials in life are likened as unto the heat in a desert, for if you are unprepared, easily you are depleted and the reality of life can be lost and the clandestine design or mirage becomes believable.  Enticed by the cunningness and subtleness of the mendacious words and acts that in reality have no power and are not law the sovereigns have become complacent and have been lulled to sleep. Complacent is what all of God's children have become, for easily did they succumb to the clandestine design and now walk in life without light, for the shroud before their eyes is not only in carnal state, but in the spiritual also.  Lost because His words were not tasted and accepted which are life unto the flesh.

Unwilling to take your place in reality and accept that, "I am a son of I AM," therefore, I am sovereign and in being autonomous I have supreme power and authority in governing self, you have chosen to be robbed and have this "taking" of unalienable rights that are God-given, and this is an absurdity.  For it is He who proposed these rights, and what God has proposed will stand.  And these words and acts shall explode into manifestation.  For that which has been done in darkness will be brought to the light.  This spiritual surgery shall remove the scales from every sovereign's eyes.  It is meant that all this be "presented to the heads of government in all their dark and hellish hue; as a last effort which is enjoined on us by our Heavenly Father, before we can fully and completely claim that promise which shall call Him forth from His hiding place, and also that the whole nation may be left without excuse, before He can send forth the power of His mighty arm." D & C 123:6  This shall be proven beyond a shadow of a doubt.  For truly it is the Most Highs which rule in the kingdoms of men.

                                        - Luis Benitez

Title 42 U.S.C. §1983                                      page 6

## Statement of the Claims

The Defendants THE STATE OF TEXAS, Rick Perry, Governor, and John Steen, Secretary of State, hereinafter styled "Defendants," along with the Legislature of the State of Texas, determined that the provisional mandates of the Texas Constitution as cited in Art. 3, §§29; 36; and 43, and Art. 4, §21, no longer needed to be followed, all without the required amendment to the Texas Constitution by referendum and the vote of the people of the State of Texas, all in violation of Art. 17, §1 of the Texas Constitution.

This decision was made without public participation and without public knowledge.  The Defendants know that the laws of the State of Texas must show their authority "on their face" and that they must be authenticated by the Secretary of State upon publication and have the seal of the State of Texas officially affixed to each volume of Texas Annotated Statutes and Codes (Vernon's), all pursuant to Art. 3, §§29; 36; and 43, and Art. 4, §21, as well as Tex. Gov't Code §405.017(1).  The "Enactment Clause" required to be present in every volume of the Vernon's Annotated Texas Statutes and Codes gives the laws of Texas their "authority" and without an enactment clause placed in the volumes of these statutes and codes pursuant to Art. 3, §29, of the Texas Constitution, the laws of the State of Texas are unconstitutional "on their face."

For over 50 years, from 1925, to approximately 1978, all of the volumes of Vernon's Annotated Texas Statutes and Codes contained the Secretary of State's authentication certificate and the enactment clause, to include the official seal of the State of Texas affixed to the pages of each volume of these publications.  Sometime after those 50 or so years, the Legislature, through extrinsic fraud and subtle deception, item by item, the authentication certificate, the official seal of the State of Texas, and the enactment clause slowly disappeared from the volumes of Vernon's Annotated Statutes and Codes known as the "Black Statutes" due to their black binding.  For over 50 years the individual volumes contained the authentication certificate and the enactment clause (See Exhibit A, attached) which were published for distribution by the Secretary of State, the official seal of the State of Texas was affixed to the authentication certificate, so once it was removed, so was the

official seal of the State of Texas from each volume of the stat-
utes and codes by which the STATE OF TEXAS does business.

The will of the sovereigns of the Republic of Texas was cir-
cumvented by the Defendants all in direct violation of Art. 3,
§§29; 36, and 43, and Art. 4, §21 of the Texas Constitution to
include the violation of Tex. Gov't Code §405.017(1) in not en-
suring the official seal of the State of Texas was affixed to the
pages of each volume of Vernon's Annotated Texas Statutes and Codes.

Such tryanny by the Defendants resulted in the invalidation
of the laws and to further add insult to injury, the First Court
of Appeals of Texas, in **Murphy v. State**, 95 S.W.3d 317 (Tex.App.-
Houston [1st Dist.] 2002), decided that only the session laws need
to be "authenticated" for compliance with the mandate of Art. 4,
§21 of the Texas Constitution and mentioning nothing about the re-
quirement of placing the enactment clause or official seal of the
State of Texas in each volume of Vernon's Annotated Texas Statutes
and Codes.  Art. 3, §29, requires that **all the laws** contain the
enactment clause, this meaning every publication of the laws which
is distributed by the Secretary of State shall contain this enact-
ment clause which shall read:  "Be it enacted by the Legislature
of the State of Texas."  (See Exhibit A, attached).  The same with
the official seal of the State of Texas, pursuant to Tex. Gov't
Code §405.017(1).  It mandates that the Secretary of State shall
affix this official seal of the State of Texas to all official
documents issued from his office, and these volumes of Vernon's
Annotated Texas Statutes and Codes are distributed to every court-
house and law library in the State of Texas by the official public
authority of the State of Texas, the Secretary of State.

If the STATE OF TEXAS claims these mandated items are no long-
er placed in the volumes of Vernon's Annotated Texas Statutes and
Codes because they are unofficial **laws**, then the Defendants have
acquiesced to the fact that they deliberately provided the people
of the State of Texas with invalid laws with which many work to
present cases before the courts and with which many defend their
alleged rights.  Such extrinsic fraud cannot be deemed harmless.

Title 42 U.S.C. §1983                                    page 8

First of all, the courts may not amend the Consitution by
judicial decision. **Rawlins v. Drake**, 291 S.W.2d 349 (Tex.Civ.
App.-Dallas 1956). The Texas Constitution mandates that the
Secretary of State **shall** authenticate the publication of the laws.
Without this form of constitutional "checks and balances" ensuring
that West Group Publishing Co. is printing the actual laws of the
State of Texas as enacted by the Legislature, any corruption to
these laws can be brought into the volumes of these laws as pub-
lished by this publisher. To simply decide that the Secretary of
State no longer needs to authenticate these volumes of Texas laws
without constitutional amendment is to annul a provision of the
Texas Constitution and deprive the sovereigns of the protection
guaranteed them by the Constitution. **Snyder v. Baird Ind. School
Dist.**, (Sup. 1908) 102 Tex. 4, 11 S.W. 723, rehearing denied 102
Tex. 4, 113 S.W. 521.

The meaning of the Constitution is fixed when it is adopted,
and is not different at any subsequent time. **Cramer v. Sheppard**,
167 S.W.2d 147, 140 Tex. 271 (Tex. 1942). When the Constitution
states how something is to be done, that specification is prohibi-
tion against that thing being done some other way. **R.R.E. v.
Glean**, 884 S.W.2d 189 (Tex.App.-Ft. Worth 1994).

The people have the sole power to change or modify the plain
language adopted by them in the Constitution and until that is done,
the Constitution remains the supreme law of the land and should be
obeyed. **Cramer v. Sheppard**, supra. With that said, Plaintiff and
other sovereigns of the State of Texas and foreigners similarly
situated will now present their claims before this Honorable Court.

**Claim No. 1:** The Defendants are guilty of extrinsic fraud in not
informing the people of the State of Texas that they were "changing"
the manner/means by which the Secretary of State was to authenti-
cate the publication of the laws, and by omitting the seal of the
State of Texas and the enactment clause from the volumes of the
Vernon's Annotated Texas Statutes and Codes distributed to all the
courthouses and law libraries throughout the State of Texas and
in violating the mandates of Art. 3, §29; §36; and §43, and Art.
4, §21, Art. 17, §1, and Tex. Gov't Code §405.017(1). Such vio-
lations of the Texas Constitution and Tex. Gov't Code rendered

Title 42 U.S.C. §1983                                          page 9

the entire contents of the volumes of Vernon's Annotated Texas
Statutes and Codes void and the laws contained therein as un-
constitutionally "void on their face," thus void ab initio.

**Void Ab Initio**

The concept of void ab initio is followed by the State of
Texas.  For example, the State of Texas quoted the following in
**Reyes v. State**, 753 S.W.2d 382, 383-84 (Tex.Crim.App. 1988), as
Texas Jurisprudence the State of Texas held that the Speedy Trial
Act, which had been previously held unconstitutional in **Meshell
v. State**, 739 S.W.2d 246 (Tex.Crim.App. 1987), was void ab initio,
unenforceable, and could provide no relief to anyone.  As if beat-
ing a dead horse, we said: "an unconstitutional statute is void
from its inception⌊;⌋... when a statute is adjudged to be uncon-
stitutional, it is as if it had never been passed⌊;⌋... the stat-
ute is stillborn,... ⌊and⌋ had been fatally smitten by the Con-
stitution at its birth⌊,⌋... ⌊and⌋ is of no more force or valid-
ity than a piece of blank paper, and is utterly void."

"A penal statute that has been declared unconstitutional can-
not suddenly rise like Phoenix from the ashes just because a de-
fendant did not challenge its constitutionality before it had been
declared unconstitutional in some other case.  An unconstitutional
penal statute is void for all comers, those who have already been
convicted of it before it was declared void, as well as those pro-
secuted under it after it had been declared void."  See **Moore v.
Wheeler**, 109 Ga. 62, 35 S.E. 116 (Ga. 1900).  An unconstitutional
enactment is never a law.

The Defendants through their ultra vires actions rendered all
the chapters, articles, subsections, etc., of Vernon's Annotated
Texas Statutes and Codes void ab initio.  Thus, it matters not
when Defendants decided to violate the mandates of the Texas Con-
stitution to include violations of Article 17, Section 1 of the
Texas Constitution in not properly allowing for the amending of
the constitution to allow for the omissions currently present in
these Texas laws found in the volumes of Vernon's Annotated Texas
Statutes and Codes.  Presently, in Texas, there are no promulgated
laws by which the rights of the sovereigns of the State of Texas

are to be determined.  None of the contents of Vernon's Annotated
Texas Statutes and Codes have been authenticated, contain the en-
actment clause, nor the official seal of the State of Texas affix-
ed to the pages of said volumes, and therefore, said contents have
not been **promulgated**.  There is a fundamental Maxim of Law that
"a law is not obligatory unless it is promulgated."  See Black's
Law Dictionary, 2nd Ed. page 826.  An act of the Legislature is
not even regarded as law unless it is made publicly known; by
proper public authority, and in Texas, that is the Secretary of
State as set above, and as per Article 4, §21 of the Texas Con-
stitution.

　　　To be law in compliance with the Texas Constitution, the law
**must show** its authority "on its face" and be "certified" as law
by the Secretary of State.  To be in compliance with the Texas
Constitution, the publication of law must have: (1) an enacting
clause in compliance with Art. 3, §29 of the Texas Constitution
which is mandatory not directory; (2) must be authenticated as
the law of Texas by the Secretary of State in compliance with Art.
4, §21; and (3) contain the official seal of the State of Texas
incompliance with Tex. Gov't Code §405.017(1).  None of these
mandated things are currently present in the laws of Texas by
which the Defendants do business with the people of the State of
Texas.  Defendants are guilty of violations of due process and
the equal protection of the laws by failing to properly authen-
ticate the publication of the laws; ensure the enactment clause
was within the volumes of said laws and that the official seal
of the State of Texas was affixed to the pages of each volume of
the Texas laws.

Claim No. 2:  Defendants violated the constitutional rights of
the Plaintiff and other sovereigns of the State of Texas and for-
eigners similarly situated by circumventing the manner and/or
means by which the sovereigns of the State of Texas mandated the
publication of the laws be authenticated and which items are re-
quired to be present in every publication of the laws distributed
to the people of the State of Texas by the Secretary of State,
thus violating the Plaintiffs' 4th; 5th; 6th; 8th; and 14th Amend-

ment rights, including, but not limited to the Due Process Clause
and the Equal Protection of the Laws Clause of Section 1 of the
14th Amendment to the United States Constitution.

Due to the circumvention of the manner/means mandated by the
Texas Constitution regarding the publication of the laws, the De-
fendants' ultra vires actions could not pass the "Fair Notice Test"
provided in **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993),
and both the Due Process Clauses of the State and Federal Constitu-
tions.  Atricle 1, Section 10 of the Texas Constitution and the
Sixth Amendment to the U. S. Constitution further give the Plain-
tiffs the right to know the nature and cause of accusations against
them, and have a copy thereof.

Whatever laws found in the Vernon's Annotated Texas Statutes
and Codes should be rendered void on their face and void ab initio,
as they fail to meet the constitutional requirements of Art. 3, §29;
§36; §43, and Art. 4, §21 of the Texas Constitution, to include the
requirements of Tex. Gov't Code §405.017(1), thus violating the con-
stitutional requirements of Amendments 4, 5, 6, 8, and 14 of the
United States Constitution.

Moreover, the pocket parts in the rear of all volumes of the
Vernon's Annotated Texas Statutes and Codes, which update and amend
certain sections thereto, are without the published enactment clause,
the Secretary of State's authentication, and the official seal of
the State of Texas affixed to their pages.  Since these Texas laws
fail in their entirety to show their authority and authenticity on
their face, Plaintiff and other sovereigns of the State of Texas
and foreigners similarly situated have all been taxed, levied; fined;
charged, etc., without authority of law, as all the laws of the State
of Texas are a nullity of law and void ab initio.

No law shall be revived or amended by reference to its title,
but the act revived or section or sections amended **must** be enacted
and published at length.  See **Ellison** et al. **v. Texas Liquor Control
Board** et al., 154 S.W. 322 (Galveston 1941).

As in **Ellison**, supra, all the update pocket parts in the rear
of all of Vernon's Annotated Texas Statutes and Codes are absent the
enacting clause, authentication certificate, and official seal of

the State of Texas.

## Amending the Texas Constitution

The Texas Constitution can only be amended with the combined actions of the Legislature and the qualifed voters. The Legislature at a regular session, by a 2/3 vote of all the members elected to each house, proposes the amendment. The amendment **must** be published in a weekly newspaper in each county once a week for 4 weeks (this changed by amendment). The publication must begin at least 3 months before election. Ratification is effective by a simple majority of all the voters who cast votes on the question. The amendment becomes "operative" on the proclamation of the governor.

The question of the manner in which the constitution should be amended was vehemently argued at the convention of 1875. The liberal elements, favoring the system which was adopted, declared that it was imperative that the amendment process should be kept simple so that the **people** could keep their fingers on the pulse of the government and express **their will** at the ballot box. Art. 17, §1, Interpretive Commentary (1983)(emphasis mine).

The courts cannot rewrite the constitution, only the people can. **Moore v. Edna Hospital District**, 449 S.W.2d 508, ref. n.r.e.

The adoption of a constitutional amendment is at the time it is voted on. **Baker v. State**, 24 S.W. 31 (Cr.App. 1844).

If there is an inconsistency between a provision of the Constitution as amended and the Constitution as originally adopted, so that one or the other must yield, the subsequent provision, being the last expression of the sovereign will of the people will prevail as an implied modification pro tanto. **State v. Vincent**, 17 S.W. 402, affirmed 25 S.W. 1084 (Civ.App. 1920). In this instant case, the original adopted manner/means must prevail as the last expression of the sovereign will of the people of the State of Texas as implied modification pro tanto.

All the Defendants have to do is produce the referendum and proper procedure which was carried out pursuant to Art. 17, §1 of the Texas Constitution, allowing for the "amending" of the Texas Constitution allowing to no longer authenticate the publication

Title 42 U.S.C. §1983

of the laws, to omit the enactment clause from the volumes of said
Texas laws, as well as omit the official seal of the State of Texas
from being affixed to each volume of Vernon's Annotated Texas Stat-
utes and Codes. Let the Defendants show the will of the people of
the State of Texas in amending the Texas Constitution to do as the
1st Court of Appeals said in **Murphy v. State**, 95 S.W.3d 317 at foot-
note 4, on page 321, and we can all go home having show this Honor-
able Court by what lawful authority the 1st Court of Appeals made
its decision to no **longer** authenticate the "Black Statutes" or
Vernon's Annotated Texas Statutes and Codes, as they are **unofficial**
laws of the State of Texas.  It is clear that the Texas Constitu-
tion cannot be amended by court decision.  **Rawlins v. Drake**, 291
S.W.2d 349.

Since the Texas Constitution has been "amended" by the Defend-
ants without proper authority by and through utra vires actions of
these Defendants, and without the knowledge or will of the people
of the State of Texas, prepare to right wrong titularly!

It is obvious that no constitution can be permanent unless it
guarantees progress as well as order.  No body of men is wise enough
or foresighted enough to make a constitution that will fit all con-
ditions arising far into the future.  Hence provisions are always
made for amending a constitution.  BUT THE PROCEDURE IS NOT TO BE
FORSAKEN FOR ANY OTHER "MEANS OR MANNER" NOT PRESCRIBED BY THE WILL
OF THE PEOPLE OF THE State of Texas, FOR THEY ARE THE SOVEREIGNS,
AND ANY GOVERNMENT EXISTS ONLY BY THE CONSENT OF THE GOVERNED.

Plaintiff and other sovereigns of the State of Texas and for-
eigners similarly situated come before this Honorable Court seeking
that the Defendants show cause why those elected to a position of
trust and authority should not be ousted from office for usurping
the sovereign will of the people of the State of Texas and violat-
ing the mandates clearly established by the sovereign will of the
people of the State of Texas in no longer authenticating the public-
ation of the laws, placing the enacting clause and official seal of
the State of Texas in each volume of the laws.  All this was being
properly done for over half a century and now the Defendants deem-
ed these constitutional requirements no longer necessary.  All with-
out telling the people of the State of Texas that they were "amend-
ing" the Texas Constitution to fit their agenda.  Defendants are

Title 42 U.S.C. §1983                                    page 14

guilty of extrinsic fraud.

**Extrinsic Fraud**

It is obvious tha the means/manner which is prescribed by the Texas Constitution in Art. 3, §29; §36; §43 and Art. 4, §21 were "changed" without amendment by the people of the State of Texas, in violation of Art. 17, §1, supra, and against the wishes of the people of the State of Texas by the Defendants.  This act of extrinsic fraud against the sovereigns of the State of Texas carried over to invalidate all statutes and codes by which the STATE OF TEXAS does its business and all laws of Texas are invalid, unconstitutional on their face and void ab initio.  No act carried out by any of these laws in Texas has any authority or power against the sovereigns of the State of Texas.  Any taxation, fees, fines, charges, etc., allegedly carried out by the authority of the laws of Texas are all a nullity of law and void ab initio, as they are unconstitutional on their face.

Black's Law Dictionary (9th Ed.) defines "extrinsic fraud" as: Deception that is collateral to the issues being considered in the case; intentional misrepresentation or deceptive behavior outside the transaction itself (whether a contract or lawsuit), depriving one party of informed consent or full participation.  Plaintiffs believe the STATE OF TEXAS did just that when it and the Defendants deceived the people of the State of Texas and carried out an "amending" of the Texas Constitution without authority or constitutional provision.  Plaintiff says this to their shame.

**Unofficial Statutes and Codes**

The Defendants, in **Murphy v. State**, 95 S.W.3d 317 (Tex.App.- Houston ⌊1st Dist⌋ 2002), were able to get the 1st Court of Appeals of Texas to determine that only the session laws need to be authenticated for compliance with Art. 4, §21 of the Texas Constitution requiring the Secretary of State to authenticate the publication of the laws.....

In footnote 4, on page 321 of 95 S.W.3d, the Court wrote: "Other than the publication of the session laws, Texas does not publish an **official** set of its laws similar to the United States Code.  **For this** reason, the Secretary of State **no longer** certifies

the contents of the unofficial annotated statutes and codes pub-
lished by the West Group, commonly known as the Black Statutes"
due to their black binding.  See generally **Texas v. West Publ'g
Co.**, 882 F.2d 171 (5th Cir. 1989)."

What this has to do with circumventing the clearly establish-
ed mandates of the Texas Constitution requiring the authentication
of the publication of the laws; placing the enacting clause in each
volume of the Texas laws, and affixing the seal of the State of
Texas in each of the volumes of the Texas laws shocks the conscience
of the sovereigns of the State of Texas, as West Group Publ'g **also**
publishes the United States Code red binder books in the law li-
braries of the State of Texas and everyone of those books contains
an authentication certificate signed by the Speaker of the House
verifying that the laws contained therein are the official laws
of the United States as enacted for the current legislative session.

A publication of the laws issued by the Secretary of State is
a publication of the laws requiring the mandates of Art. 3, §§29;
36; and 43, and Art. 4, §21 of the Texas Constitution.  There are
no publications of law issued by the Secretary of State which are
exempt from the authentication requirement according to the mandate
as voiced by the sovereign will of the people of the State of Texas
when they adopted the provisions of Art. 4, §21; Art. 3, §29; $36;
and §43, of the Texas Constitution.  The attempt by the Defendants
and actual ultra vires actions in circumventing the provisional
mandates of the Texas Constitution in question fails for two very
important reasons:  First, it is mandated that all publications of
law issued by the Secretary of State must be authenticated, not
just the publication of the session laws (which are not even made
public).  This is to ensure that when the laws are published by
Vernon's (West Group Publ'g), "the entire law on the subjects they
purport to cover, unless specifically excepted, are to be looked
to with safety and confidence by the sovereign." **American Indem-
nity Co. v. City of Austin**, 112 T. 239, 246 S.W. 1019 (1922).
Second, "it is rather obvious that a sovereign should not be com-
pelled to go through all of the session laws, the original acts,
in order to know the law by which his rights are to be determined.
These session laws are inaccessible to the average sovereign, and
the act of searching through them to ascertain the law is an in-

surmountable one."  **American Indemnity Co. v. City of Austin,**
supra.

The Defendants would have the Honorable Court believe that
they can have the Secretary of State distribute the published
books he receives from Vernon's (West Group Publ'g) and issue
them out to the county courts and Texas law libraries **without**
certifying the contents by authenticating the publication of the
laws nor affixing the official seal of the State of Texas nor
the enacting clause to such official documents issued from the
Office of the Secretary of State pursuant to Art. 3, §29; Art.
4, §21 of the Texas Constitution and Tex. Gov't Code §405.017(1).
The Legislature does not get to "choose" which laws the Texas
Constitution mandates be "authenticated."  The Texas Constitution
specifically says any and all laws published by the Secretary of
State (promulgated) shall be authenticated. "Where a power is
prescribed, such means or manner is exclusive of all others."
**Scoggins v. Southwestern Elec. Serv. Co.,** 434 S.W.2d 376 n.r.e.
(Civ.App. 1968).

Any claim by the Defendants or any other official of the
STATE OF TEXAS that the Secretary of State need no longer authen-
ticate the publication of the laws by Vernon's (West Group Publ'g)
is to annul a provision of the Texas Constitution deprive the
sovereigns of the protection guaranteed to them by the Constitu-
tion.  **Snyder v. Baird Ind. School Dist.,** (Sup 1908) 102 Tex. 4,
11 S.W. 723, rehearing denied 102 Tex. 4, 113 S.W. 521.  Therefore,
any claim by the 1st Court of Appeals of Texas or any court, that
the laws no longer need to be authenticated as a publication of the
laws by the Secretary of State is void.  "Constitution is the sup-
reme law of the state and principle of common law or statute in
conflict therewith is void.  **Dickson v. Strickland,** (Sup 1924) 114
Tex. 176, 265 S.W. 1012.  This same Court goes on to say that these
"Vernon's Annotated Texas Statutes and Codes, known as the 'Black
Statutes' due to their black binding and determined to be the un-
official annotated statutes and codes of Texas need not be authen-
ticated after publication.  THESE ANNOTATED STATUTES AND CODES ARE
BEING USED BY EVERY COUNTY IN THE STATE OF TEXAS TO TAX, LEVY, FINE,
CHARGE, ARREST, CONVICT, AND EXECUTE THE SOVEREIGNS OF THE State of

Texas.  If they are **unofficial laws**, then they are invalid laws,
as Black's Law Dictionary defines "official" as, adj. (16c) 1. Of
or relating to an office or position of trust and authority <of-
ficial duties>...." Thus, "unofficial" would mean:  "the lack of
position or office of trust or authority."  Those statutes and
codes in the Black Statutes deemed "unofficial publications" by
teh 1st Court of Appeals of Texas cannot be said to be valid pub-
lications of law as they are neither "official" nor "authenticated"
by the Secretary of State and without the official seal of the
State of Texas nor the enacting clause.  This violates Art. 3,
§§29, 36, 43, and Art. 4, §21 of the Texas Constitution, and by
the Legislature allowing for the publication of the laws without
said items aforementioned, violation of Art. 2, §1 of the Texas
Constitution.

Any claim by the court of appeals, the legislature, or any
other official, including the Defendants, that the publication of
the laws no longer require the authentication by the Secretary of
State must produce a constitutional amendment in support of the
same, otherwise, such a person or persons is/are annulling a pro-
vision of the Constitution and conflicting with its sovereignty.
Snyder, supra; **Dickson**, supra, and **S**coggins, supra; and Art. 4,
§21, of the Texas Constitution, last amended in 1954, amendment
was unrelated to this issue.

Statute of Limitations

Plaintiffs know that a Title 42 U.S.C. §1983 complaint draws
its statute of limitation from state law.  Plaintiffs would add
tha the Defendants have engaged in extrinsic fraud and Plaintiffs
just recently discovered that the Defendants subtlely removed the
items aforementioned from the Vernon's Annotated Texas Statutes
and Codes and present that under the discovery rule they are now
properly before this Honorable Court.  The Defendants did not put
the people of Texas on notice that they were changing the manner/
or means by which the Secretary of State was going to authenticate
the publication of the laws and the fact that he was going to issue
said publications without the required enacting clause and official
seal of the State of Texas affixed to every volume of law published.

Title 42 U.S.C. §1983                                    page 18

A deliberate decision to circumvent the mandates of the Texas Constitution without informing the people of the State of Texas is extrinsic fraud.  The people of the State of Texas were never told they would have no say in the matter and this violated Art. 17, §1 of the Texas Constitution rendering any "amendments" to the Texas Constitution made by Legislative act or court decision null and void, making the entire contents of all Texas laws found in the Vernon's Annotated Texas Statutes and Codes void ab initio.

Claim No. 3:  Defendants violated Article 2, Section 1 of the Texas Constitution when they allowed the Legislature to permit the publication of the laws without the required authentication, enacting clause, or official seal of the State of Texas affixed to the same.

The Legislature is the body representing the sovereigns of this state when enacting laws and when it enacted the Texas laws found in Vernon's Annotated Texas Statutes and Codes.  Said Legislature breached a fiduciary duty to the sovereigns of Texas and violated Art. 3, §36 of the Texas Constitution, as well as encroached upon Art. 4, §21, when it allowed for the publication of the laws in Vernon's without "authentication" from the Secretary of State, to be in compliance with Art. 4, §21, of the Texas Constitution.  Defendant Secretary of State had a duty to disclose that the Legislature was allowing for the publication of the laws without the required authentication.  Where there is a duty to disclose, deliberate suppression of material facts constitutes fraud. Wilson v. Jones, 45 S.W.2d 572, 574 (Tex.Comm's App. 1932, holding approved).  The Defendants also had a duty to disclose to the people of the State of Texas that they had "changed" the way the Secretary of State was "authenticating" the publication of the laws, to include that the enactment clause and official seal of the State of Texas would no longer be affixed to the volumes of the Texas laws issued by the Secretary of State as publication of the laws. The Defendant had a duty to disclose they had "amended" the Texas Constitution without proper authority pursuant to Art. 17, §1.

Finally, Black's Law Dictionary, (9th Ed.) defines **publication** as: "n. 1. Generally, the act of declaring or announcing to the public. 2. Copyright.  The distribution or copies of a work to the

public...."  The Defendants having allowed for the publication of the laws without the required authentication by the Secretary of State, have made the laws of Vernon's Annotated Texas Statutes and Codes entirely unconstitutional on their face.

The Constitution of the United States clearly reads:  "No State shall **make or enforce any law** which shall abridge the privileges or immunities of the sovereigns of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny any person within its jurisdiction the equal protection of the laws."  Section 1, 14th Amendment to the United States Constitution. (emphasis mine).  It is clear that the writers of the Constitution in ratifying the 14th Amendment intended for this Amendment to protect the rights of all sovereigns and foreigners within the jurisdiction of the United States from tyranny and oppression by any government which defies the sovereign will of the people and stands in place of the will of God for His people.

In closing, Plaintiff, Antonia Muñiz Gonzalez, would like to place the Honorable Court on judicial notice pursuant to Fed. R. Evid., Rule 201, that all the published State Court cases in the State of Texas refer to Vernon's Ann. Texas Statutes and Codes, whatever the subject matter of the issue may be.  The courts of the STATE OF TEXAS have thus acquiesced to the fact that Vernon's "unofficial" statutes and codes are the statutes and codes by which the STATE OF TEXAS carries out its business with the people of Texas.  Finding ourselves right in the middle of business, we come before this Honorable Court seeking whatever relief is deemed just and right for all sovereigns of the State of Texas and resident foreigners similarly situated, who have been duped and injuried by application of the invalid laws by the STATE OF TEXAS in violation of their constitutional rights under the 4th; 5th; 6th; 8th; 9th; and 14th Amendments to the U. S. Constitution.

Relief Sought

A.   Plaintiff and other sovereigns of the State of Texas and resident foreigners similarly situated seek declaratory judgment from this Honorable Court declaring the following:

1.   That the Defendants, STATE OF TEXAS, Rick Perry, Governor, and John Steen, Secretary of State, violated the mandates of the Texas Constitution cited in Art. 3, §29; §36; and §43, as well as Art. 4, §21, including Tex. Gov't Code §405.017(1), thus, violating the constitutional rights of the Plaintiff and other sovereigns of the State of Texas and resident foreigners similarly situated under the due process clause and equal protection of the laws clause of the U. S. Constitution.

2.   That the Defendants are guilty of extrinsic fraud in not disclosing the manner/means with which the Secretary of State was authenticating the laws and not placing the enactment clause nor the official state seal on the individual volumes of publication of the Texas laws known as Vernon's Ann. Texas Statutes and Codes.

3.   That the Defendants deprived the people of the State of Texas of the right to know and right to voice their opinion regarding the "amending" of the Texas Constittution by the Defendants without constitutional authority in violation of Art. 17, §1, of the Texas Constitution.

4.   That the Defendant cannot decide to simply authenticate only the session laws, or original acts, without amendment to the Constitution showing the sovereign will of the people having agreed to the same, and no longer requiring the enactment clause nor the official seal of the State of Texas to be affixed to each individual volume of laws published by the Secretary of State nor placing the "authentication certificate" in each volume of Texas laws published by the same.

5.   That the Defendants violated the mandates of Art. 17, §1 of the Texas Constitution in amending the constitutional mandates of Art. 3, §29; §36; §43; and Art. 4, §21, to include Tex. Gov't Code §405.017(1).

6.   That the Defendants' ultra vires actions prevents them from being shielded by Sovereign Immunity or governmental immunity by intentionally and knowingly violating the mandates of the Texas Constitution and the federal rights of the sovereigns of the State of Texas.

7.   That the Defendants cannot continue to apply the invalid laws currently in Vernon's Ann. Texas Statutes and Codes to the sovereigns and resident foreigners of the State of Texas as they are unconstitutional on their face and as applied to the Plaintiffs and void ab initio.

8.   That the Defendants must completely revise, re-enact, and re-publish at length the laws of the State of Texas as they are currently unconstitutional on their face and void ab initio.

## Injunctive and Prospective Relief

B.   Plaintiff and other sovereigns of the State of Texas and re-sident foreigners similarly situated seek injunctive relief and prospective relief from the Honorable Court deciding that:

1.   The Plaintiffs suffered injury proximately caused by the ultra vires actions of the Defendants which caused the Plaintiffs to suffer injury in the form of violations of their constitutional rights under the 4th; 5th; 6th; 8th; 9th; and 14th Amendments to the U. S. Constitution.

2.   Plaintiffs seek a permanent injunction prohibiting the Defendants from carrying on any further business applying the invalid laws found in the current Vernon's Ann. Texas Statutes and Codes and that the Defendants cease and desist from carrying out any further executions, convictions, or adjudications with the invalid laws of Vernon's Ann. Texas Statutes and Codes until said Texas laws are promulgated pursuant to the provisions of the Texas Constitution as mandated by the people of Texas.

3.   That Defendants be ordered to place the enactment clause; official seal of the State of Texas affixed to each volume of law; and the "authentication" certificate placed in each volume of law published by the Secretary of State as required by Art. 3, §29; §36; and §43, as well as Art. 4, §21 of the Texas Constitution and Texas Gov't Code §405.017(1).

C.   Plaintiffs seek a jury trial in all matters triable by a jury in this case.

D.   Plaintiffs seek all court costs and reasonable and necessary attorneys fees.

E.   Plaintiffs seek only any incidental damages related to the injuries suffered and proximately caused by the Defendants.

F.   Plaintiffs seek any other relief to which they may be deemed rightly and justly entitled to by law.

SO PRAYED this *5th* day of September, 2014.

Respectfully submitted,

Antonia Muñiz Gonzalez

TX/DL #09228068

8826 Mt. Delano

El Paso, Texas 79904

(915) 755-4528

JURAT

STATE OF TEXAS                            §§
                                          §§
COUNTY OF EL PASO                         §§


BEFORE ME the undersigned authority, appeared *Antonia Muñiz Gonzalez*, TX/DL #*09228068*, known to me as the person whose identification proves her to be the same and states under oath that the foregoing facts are true and correct.

SUBSCRIBED AND SWORN TO before me on this ____ day of September, 2014.


My commission expires
on: *5-4-2017*

Notary Public in and for the
State of Texas


*Libertad McDonald*

Printed Name of Notary Public

(Seal)

LIBERTAD MCDONALD
MY COMMISSION EXPIRES
May 4, 2017

Title 42 U.S.C. §1983                                      page 23